IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT

2006 JUN 12  P 3: 24

DISTRICT OF UTAH

_____
DEPUTY CLERK

WILLIAM HENRY SHERRATT,

       Plaintiff,

    v.

JUDITH M. BILLINGS et al.,

       Defendants.

Case No. 2:05-CV-912 TC

O R D E R

---

Plaintiff, William Henry Sherratt, an inmate at the Utah State Prison, filed this pro se civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.S. § 1983 (West 2006). Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 was granted. *See* 28 *id.* § 1915. This case is now before the Court on Plaintiff's motion for appointed counsel, and for screening under 28 U.S.C. § 1915(e).

**ANALYSIS**

**I. Motion for Appointed Counsel**

The Court first addresses Plaintiff's motion for appointed counsel. Plaintiffs in civil cases generally do not have a constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(e)(1). *See* 28 U.S.C.S. § 1915(e)(1) (2005); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.

1991).  "The burden is upon the applicant to convince the court
that there is sufficient merit to his claim to warrant the
appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838
(10th Cir. 1985).  When deciding whether to appoint counsel, the
district court should consider a variety of factors, "including
'the merits of the litigant's claims, the nature of the factual
issues raised in the claims, the litigant's ability to present
his claims, and the complexity of the legal issues raised by the
claims.'"  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.
1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753
F.2d at 838-39.

Plaintiff has not satisfied his burden of showing that
appointment of counsel is warranted in this case.  At this stage
of the litigation the primary issue before the Court is the legal
sufficiency of Plaintiff's allegations.  Because no special legal
training is required to recount the facts surrounding an alleged
injury, pro se litigants may be expected to state such facts
without any legal assistance.  *See Hall v. Bellmon*, 935 F.2d
1106, 1109 (10th Cir. 1991).  However, if it becomes apparent
that appointed counsel is necessary as this case progresses the
Court will revisit this issue *sua sponte*.  Thus, the Court denies
Plaintiff's motion for appointed counsel at this time and
proceeds to screening.

## II.  Screening

### A. Standard of Review

Title 28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss a case filed *in forma pauperis* if it is frivolous or malicious; fails to state a claim upon which relief may be granted; or, seeks monetary relief against a defendant who is immune from such relief. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "A court reviewing the sufficiency of a complaint presumes all of the plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (quoting *Hall v. Bellmon*, 936 F.2d 1106, 1109 (10th Cir. 1991). Because Plaintiff is proceeding pro se, "the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Hall, 936 F.2d at 1109.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff's complaint names the State of Utah, and each of the judges on the Utah Court of Appeals in both their official and individual capacities, as defendants. The convoluted thirty-page document purports to set out twelve separate "counts" of

civil rights violations.  The essence of Plaintiff's allegations
appears to be that Defendants violated Plaintiff's constitutional
rights by refusing to recuse themselves from certain appellate
proceedings; by ruling against the Plaintiff in those
proceedings; and finally, by failing to correct the alleged
errors in their rulings.

To support his allegations Plaintiff proffers a host of
vaguely defined legal theories, including "abuse of process,"
"exceeding authority," "malicious prosecution," "obstruction of
justice," and "violation of judicial canons," to name a few.
However, the Complaint provides few if any specific facts to
support these claims.  In fact, in many instances Plaintiff
simply repeats the same vague and conclusory allegations
presented elsewhere in the complaint.  Despite this general lack
of clarity, however, it is evident from the complaint that each
of Plaintiff's allegations stem exclusively from actions taken by
Defendants in their judicial capacities.  Plaintiff's complaint
seeks declaratory and injunctive relief, compensatory and
punitive damages, and "release from [his] conviction and
sentence."

### C. Judicial Immunity

In *Pierson v. Ray*, 386 U.S. 547, 554 (1967), the U.S.
Supreme Court held that judges are afforded immunity from
"liability for damages for acts committed within their judicial
discretion" so they will "be at liberty to exercise [their]

functions with independence and without fear of consequences."
The Tenth Circuit has held that "[j]udges are absolutely immune
from civil liability for judicial acts, unless committed in the
clear absence of all jurisdiction." *Whitesel v. Sengenberger*,
222 F.3d 861, 867 (10th Cir. 2000) (citation omitted).  A
judicial action cannot be deemed to be taken "in the clear
absence of all jurisdiction" merely because it was "in error, was
done maliciously, or was in excess of . . . authority." *Id.*
Moreover, the Tenth Circuit has held that "the Civil Rights Act
does not impair the traditional common law immunity of judges
from personal liability in damages for their official acts in
matters within their jurisdiction." *Kostal v. Stoner*, 292 F.2d
492, 493 (10th Cir. 1961).

Plaintiff's complaint fails to identify specific facts
showing that any of the Defendants acted in clear absence of all
jurisdiction.  Although Plaintiff makes the conclusory assertion
that Defendants acted "wholly outside [their] authority" in
various instances, there are no facts presented in the complaint
to support this assertion.  Furthermore, even if Defendants'
actions could be construed to be in *excess* of their authority, as
Plaintiff appears to contend, Defendants would still be entitled
to immunity.  *Whitesel*, 222 F.3d at 867.  Simply put, Plaintiff's
allegations against the judges on the Utah Court of Appeals fall
far short of the threshold required to overcome the presumption
of absolute judicial immunity.  Because the individual Defendants

are clearly immune from the relief sought in Plaintiff's

complaint the claims against them must be dismissed under 28

U.S.C. § 1915(e)(2)(B)(iii).

### D.   Conspiracy Claim

Plaintiff also asserts a cause of action for conspiracy

under 42 U.S.C. § 1985.  This statute provides in relevant part:

"[I]f two or more persons in any State . . . conspire . . . for

the purpose of depriving, either directly or indirectly, any

person . . . of the equal protection of the laws, or of equal

privileges and immunities under the laws . . . the party so

injured may have an action . . . against any of one or more of

the  conspirators."  42 U.S.C.S.  § 1985 (3) (West 2006).

> The Tenth Circuit has clarified that:
>
> In order to prove a claim under § 1985(3), [Plaintiff]
> must show (1) a conspiracy; (2) to deprive [Plaintiff]
> of equal protection or equal privileges and immunities;
> (3) an act in furtherance of the conspiracy; and (4) an
> injury or deprivation resulting therefrom.  The
> conspiracy not only must have as its purpose the
> deprivation of equal protection of the laws, but also
> must be motivated by some racial, or perhaps otherwise
> class-based, invidious discriminatory animus behind the
> conspirators' action.

*Cole v. Sharp*, 898 F. Supp. 799, 801 (10th Cir. 1995) (internal

quotations omitted).

Plaintiff has not alleged sufficient facts to support a

conspiracy claim under § 1985.  Plaintiff does not allege that

any of the named Defendants conspired to deprive any person, or

group, of the equal protection of the law.  Moreover, Plaintiff

has not shown that the vaguely described conspiracy he alleges

was motivated by a racial or otherwise invidious animus. *See Cole*, 898 F. Supp. at 801. Therefore, the Court dismisses Plaintiff's § 1985 conspiracy allegations for failure to state a claim on which relief can be granted.

### E. State of Utah

In addition to the state appellate court judges discussed above, Plaintiff's complaint also names the State of Utah as a separate defendant. The Eleventh Amendment bars suits for damages against a state in federal court, absent a waiver of immunity by the state. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355-56 (1974). Plaintiff's complaint clearly seeks damages against the State of Utah without alleging any facts showing that the State has waived its immunity against such a claim. Thus, the Court concludes that Plaintiff's allegations against the State of Utah must also be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

Based on the foregoing analysis, the Court finds that each of the Utah Court of Appeals judges named as defendants are entitled to absolute judicial immunity from liability for the actions alleged in Plaintiff's complaint. The State of Utah is likewise entitled to sovereign immunity under the Eleventh Amendment. And, Plaintiff cannot state a conspiracy claim under 42 U.S.C. § 1985 because there are no facts showing any racial or otherwise invidious animus towards Plaintiff. Finally, because Plaintiff's claims are fatally flawed the Court finds that it would be futile to allow Plaintiff to amend his complaint.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is **DISMISSED** under 28 U.S.C. § 1915(e). *See* 28 U.S.C.S. § 1915 (West 2006).

DATED this 12ᵗ day of June, 2006.

BY THE COURT:

Tena Campbell
United States District Judge